**LAW OFFICE OF RICHARD S. MADRIL**
**6025 South Holly Drive**
**Tucson, Arizona 85706-4630**
**(520) 889-8086**
**richmadril@yahoo.com**

Attorney for DEFENDANT
Pima County Computer No. 64737
State Bar No. 014533

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

**United States of America**,

Plaintiff,

vs.

**Eduardo Silva**,

Defendant

**Case No.: CR25-01890-TUC-RCC(MSA)**

**DEFENDANT'S REPLY IN SUPPORT OF HIS COMBINED MOTION TO DISMISS, STRIKE MULTIPLICITOUS COUNTS, OR, IN THE ALTERNATIVE, COMPEL ELECTION OF THEORY AND FOR BILL OF PARTICULARS (FED. R. CRIM. P. 12(B)(3), 7(F))**

**INTRODUCTION**

The Government's response (Doc. 135) offers little in the way of substantive analysis. Rather than engage with the constitutional defects raised in Defendant's motion, the Government largely relies on incorporation by reference to earlier briefing, a practice that does not cure the deficiencies of a Superseding Indictment that continues to fail on its face. The Government's single concrete concession, that 18 U.S.C. § 924(a)(1)(A) carries no materiality element, actually illuminates the problem rather than resolving it: if the false-address counts are pursued solely under § 924(a)(1)(A), the Government must forfeit the § 922(a)(6) theory for those counts, and any residual § 922(a)(6) pleading of materiality remains conclusory. The response does not address jury-unanimity risk, does not explain why 512 gigabytes of undifferentiated phone data constitute adequate notice of which specific statement is alleged to be false, and does not cure

the Superseding Indictment's failure to allege a factual basis for materiality. The motion should be granted.

**ARGUMENT**

**I. THE GOVERNMENT'S RESPONSE DOES NOT CURE THE MATERIALITY DEFECT.**

A. The Government Concedes That § 924(a)(1)(A) Carries No Materiality Requirement for the Address-Based Counts, Which Confirms That Those Counts Rest on a Theory That Cannot State an Offense Under § 922(a)(6).

The Government states that materiality is not an element of § 924(a)(1)(A) for the false-address counts. (Doc. 135 at 2.) That concession is significant, but it does not end the inquiry, it redirects it. The Superseding Indictment charges conduct under both § 922(a)(6) and § 924(a)(1)(A) for the same transactions. To the extent any count under § 922(a)(6) purports to rest on an address discrepancy as the underlying false statement, that count still requires a showing that the statement was material to the lawfulness of the sale, and the Indictment supplies no such showing. *Gaudin* is not cured by the Government's incorporation of earlier briefs.

Materiality under § 922(a)(6) is not a pleading technicality; it is a constitutional element that the Government must allege and prove to the jury. *United States v. Gaudin*, 515 U.S. 506, 522–23 (1995). An indictment that recites only that statements were "material to the lawfulness of the sale" without alleging why a particular statement bore on the legality of any transaction fails to state an offense. *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007). The Government's response does not identify a single fact in the Superseding Indictment from which materiality can be derived for the § 922(a)(6) counts. Bare statutory recitation is insufficient. *Russell v. United States*, 369 U.S. 749, 763–64 (1962) ("[I]t is an elementary principle of criminal pleading that where the definition of an offence . . . includes generic terms, it is not

sufficient that the indictment shall charge the offence in the same generic terms as in the definition.")

B. An Inaccurate Residential Address Is Not Material to the Lawfulness of a Firearm Sale as a Matter of Law.

Federal law conditions eligibility to purchase a firearm on identity, prohibited-person status, and criminal history, none of which is determined by the purchaser's residential address. The transferee's listed address does not affect the dealer's legal obligation to transfer or withhold the firearm, and a variation in that address cannot, as a matter of law, have a natural tendency to influence the outcome of the sale. Because address discrepancies are immaterial as a matter of law, any § 922(a)(6) count predicated solely on an address-based theory must be dismissed. The Government's incorporation of prior briefing does not supply the missing element.

**II. THE SUPERSEDING INDICTMENT DOES NOT RESOLVE THE MULTIPLICITY PROBLEM.**

A. The Government's Own Response Confirms That the Same ATF Form 4473 Gives Rise to Charges Under Two Separate Statutes.

The Government states that the Superseding Indictment "specifically references the statement as to whether the person is the actual transferee/buyer of all the firearm(s)" under § 922(a)(6), and charges the false address under § 924(a)(1)(A). (Doc. 135 at 2.) If that is so, Mr. Silva is still charged under two separate statutes for statements made on a single ATF Form 4473 in a single transaction. Multiplicity analysis does not turn on whether the Government designates different boxes on the same form, it turns on whether each charged offense requires proof of a fact the other does not.

Under *Blockburger v. United States*, 284 U.S. 299, 304 (1932), multiple charges arising from a single criminal act are permissible only if each offense "requires proof of a fact which the

other does not." Section 922(a)(6) requires proof of materiality; § 924(a)(1)(A) does not. Section 924(a)(1)(A) requires that the false statement appear in records required to be kept by a licensed dealer; § 922(a)(6) does not expressly include that element. On their face, the statutes may pass the *Blockburger* test. But that analysis depends entirely on the specific conduct charged. Where, as the Government now implies, the same transaction, the completion of a single ATF Form 4473, generates a § 922(a)(6) count for the buyer-status question and a § 924(a)(1)(A) count for the address question, the Government must demonstrate that these are genuinely separate offenses with separately pleaded elements, not a litigation strategy that inflates the apparent severity of what is, in substance, the filling out of one form.

The Ninth Circuit has made clear that multiplicitous counts "prejudice the defendant by suggesting he has committed more distinct offenses than he has." *United States v. Kimbrew*, 406 F.3d 1149, 1152 (9th Cir. 2005). That prejudice is present here. At minimum, the Court should require the Government to specify precisely which statement underpins each count and confirm that no two counts rest on identical conduct.

## III. THE INDICTMENT STILL FAILS TO PROVIDE CONSTITUTIONALLY ADEQUATE NOTICE.

A. The Government Misapprehends the Notice Requirement by Conflating Disclosure Volume with Specificity.

The Government's principal answer to the notice argument is that it has produced approximately 1,900 pages of reports and 512 gigabytes of phone data. (Doc. 135 at 4.) That observation misses the point entirely. The constitutional notice requirement is not satisfied by delivering a warehouse of material to the defense and leaving counsel to divine which statement, which form, and which theory the Government intends to press at trial. The Fifth and Sixth

Amendments guarantee the defendant the right to know the accusation, not merely to search for it. *Hamling v. United States*, 418 U.S. 87, 117 (1974).

The purpose of the constitutional notice guarantee is to allow Mr. Silva to prepare a defense that is focused, not speculative. Where the Indictment identifies neither the specific statement alleged to be false nor the factual basis from which the jury should conclude the statement was material, the defense cannot meaningfully investigate, challenge, or rebut the Government's theory. The volume of discovery does not substitute for clarity of charge.

B. The Risk of a Non-Unanimous Verdict Remains Unaddressed.

The Government's response does not address Defendant's argument that the Indictment, by leaving open multiple possible theories of falsity for a given count, creates a structural risk that twelve jurors could return a verdict of guilty without any single theory commanding unanimous agreement. The Government offers no authority holding that this concern is adequately addressed by discovery, and none exists. *Richardson v. United States*, 526 U.S. 813, 817 (1999). The Court should either require the Government to specify its theory for each count or clarify that the jury will be instructed as to a single theory per count.

## IV. A BILL OF PARTICULARS REMAINS WARRANTED.

The Government correctly states that a bill of particulars is designed to "apprise the defendant of the specific charges being presented to minimize danger of surprise at trial, to aid in preparation, and to protect against double jeopardy." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). But the Government then contradicts itself by arguing that 512 gigabytes of raw cell-phone data and nearly 2,000 pages of reports render a bill unnecessary. The Long standard does not contemplate that mass disclosure excuses the Government from identifying which specific statement it will press at trial as the predicate for each count.

When a defendant faces charges that overlap in theory, involve a common document completed on multiple occasions, and are pursued under two distinct statutory frameworks, the risk of trial-by-ambush is acute. The requested bill of particulars, identifying (1) the exact statement alleged to be false; (2) the factual predicate for materiality; and (3) the statutory theory per count, is a modest and well-established remedy. *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979). The Court should exercise its discretion and order it.

**V. IF THE COURT DECLINES TO DISMISS, ELECTION OF THEORY IS INDEPENDENTLY REQUIRED.**

The Government contends that the "separate and distinct misrepresentations" on ATF Form 4473 justify separate counts under separate statutes. (Doc. 135 at 2.) That position, if accepted, must be operationalized with precision. The Government should be directed to set forth, in writing, the exact statement it contends was false for each count, the exact statutory provision under which it proceeds, and whether any count shares both a statement and a statute with another count in the same transaction. Absent that election, Mr. Silva cannot prepare for trial, and the Court cannot assess whether the charges are genuinely distinct or impermissibly duplicative.

**CONCLUSION**

The Government's response is, in substance, a brief that incorporates five prior briefs. It concedes that § 924(a)(1)(A) requires no materiality for the address counts, which illuminates rather than resolves the § 922(a)(6) pleading defect. It does not explain why an address is material under § 922(a)(6). It does not address the jury-unanimity risk. And it offers only the sheer volume of discovery, rather than specificity, as a substitute for constitutionally adequate notice. Defendant Eduardo Silva respectfully requests that the Court grant the relief sought in the original motion: dismissal for failure to state an offense as to any count resting on address-based

materiality; an order requiring the Government to elect a single statutory theory per transaction; and a bill of particulars specifying, for each count, the exact false statement at issue, the factual basis for materiality, and the Government's theory of prosecution.

**RESPECTFULLY SUBMITTED** this 29th day of April 2026.

LAW OFFICE OF RICHARD MADRIL

***/s/ Richard S. Madril***
Richard S. Madril
Attorney for Defendant Eduardo Silva

**CERTIFICATE OF SERVICE**

A copy of the foregoing document served upon the following person(s) by the following method(s) the 29th day of April 2026.

XX Electronic transmission
_____ Facsimile transmission
_____ Hand delivery / courier
_____ U.S. Mails, first class postage prepaid and properly addressed.

Adam Rossi, Esq
Assistant United States Attorney
405 West Congress Street, Suite 4800
Tucson, AZ 85701-5040
United States Attorney
Adam.Rossi2@usdoj.gov

Angelica Casandra Romero
Assistant United States Attorney
405 West Congress Street, Suite 4800
Tucson, AZ 85701-5040
United States Attorney
Angelica.romero@usdoj.gov

Richard B. Bacal, Esq.
Law Office of Richard B. Bacal
P.O. Box 1012
Tucson, AZ 85702-1012
rvbacal@gmail.com

Raul A. Miranda, Esq.
35 E. University Blvd.

Tucson, AZ 85705-7736
Mirandalaw@comcast.net

By: ***/s/ Richard S. Madril***